IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT FUENTES,

       Petitioner,                  No. 2:10-cv-2873 MCE JFM (HC)

    vs.

GREG LEWIS, et al.,

       Respondents.             <u>FINDINGS & RECOMMENDATIONS</u>

                                   /

        Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On October 25, 2011, petitioner filed a motion for stay and abeyance. On June 15, 2011, respondent filed a motion to dismiss. Upon review of the motions, the documents in support, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

FACTUAL AND PROCEDURAL BACKGROUND

        Following a bifurcated trial, petitioner was convicted of attempted premeditated murder, assault by an inmate and possession of a weapon by an inmate. Lodgment ("LD") 1. On December 21, 2007, petitioner was sentenced to life without eligibility for parole for eighteen years with a five-year enhancement for a prior felony conviction. <u>See</u> Pet. at 1; LD 3 at 2.

        Petitioner appealed both his conviction and sentence to the California Court of Appeal, Third Appellate District. <u>See</u> Pet., Ex. 2. Petitioner challenged the jury instructions and trial counsel's failure to object to the use of the allegedly incorrect jury instructions. On May 29, 2009, the appellate court affirmed the judgment and sentence in an unpublished decision. Pet., Ex. 2. On August 12, 2009, the California Supreme Court denied review. LD 4.

1

On February 25, 2010, petitioner filed a state habeas petition in the Sacramento County Superior Court raising fifteen claims.[1]  See Mot. to Stay at 1; Ex. 2.  On April 9, 2010, the petition was denied.  Id., Ex. 2.  On October 18, 2010, petitioner filed a petition with the California Court of Appeals, Third Appellate District.  See In re Fuentes, Case No. C066355.  Review of the appellate court's docket in petitioner's case on habeas corpus reveals that this petition was summarily denied on October 21, 2010.  On November 18, 2010, petitioner filed a state habeas petition in the California Supreme Court.  LD 6.  The California Supreme Court has not yet ruled on the petition.

On October 25, 2010 (prior to filing his petition with the California Supreme Court), petitioner filed the pending petition in this court.  Here, petitioner presents sixteen claims for relief:

> (1) the trial court abused its discretion by ordering the use of those restraints on petitioner during court proceedings, and trial counsel was ineffective regarding the use of restraints;
>
> (2) the trial court abused its discretion by denying petitioner's motion to dismiss, trial counsel was ineffective for failing to object to the admission of the prosecution's evidence, and appellate counsel was ineffective for failing to raise this issue on appeal;
>
> (3) the trial court abused its discretion by allowing certain evidence to be admitted despite the allegedly improper destruction of exculpatory evidence, trial counsel was ineffective for failing to object, and appellate counsel was ineffective for failing to raise this issue on appeal;
>
> (4) trial counsel was ineffective for failing to provide the court with a pinpoint jury instruction, and appellate counsel was ineffective for failing to raise this issue on appeal;
>
> (5) trial counsel was ineffective for failing to follow-through with a defense theory presented during counsel's opening statement, and appellate counsel was ineffective for failing to raise the issue on appeal;

/////

---

[1] Despite the clear directive of Rule 5(d) of the Rules Governing Section 2254 Cases, respondent has neither mentioned nor submitted any briefs and/or opinions informing the court that petitioner filed a habeas petition in the state superior court and state appellate court.  Respondent mentions and submits only the habeas petition pending before the California Supreme Court.

(6) the trial court abused its discretion by admitting into evidence a copy of a videotape of the crime as it occurred, and appellate counsel was ineffective for failing to raise this issue on appeal;

(7) the trial court erred by requiring a defense witness to testify while shackled, trial counsel was ineffective for failing to object, and appellate counsel was ineffective for failing to raise this issue on appeal;

(8) the trial court abused its discretion by granting the prosecution's motion to quash testimony from all defense witnesses but one, trial counsel was ineffective for failing to secure witnesses in support of defense, and appellate counsel was ineffective for failing to raise this issue on appeal;

(9) the trial court erred by failing to limit questioning of defense witness's gang affiliation, trial counsel was ineffective for failing to object, and appellate counsel was ineffective for failing to raise this issue on appeal;

(10) the trial court erred by failing to provide the defense witness access to counsel, trial counsel was ineffective for failing to object, and appellate counsel was ineffective for failing to raise this issue on appeal;

(11) prosecutorial misconduct, trial counsel was ineffective for failing to object, and appellate counsel was ineffective for failing to raise this issue on appeal;

(12) trial counsel was ineffective for refusing to proffer evidence to prosecution;

(13) trial counsel was ineffective by failing to object to the trial court's inaccurate jury instruction;

(14) the trial court gave improper jury instructions;

(15) cumulative error by trial court, and appellate counsel was ineffective for failing to raise this issue on appeal; and

(16) cumulative error by trial and appellate counsel.

See Pet.

On October 25, 2010, petitioner filed a motion for stay and abeyance. Petitioner acknowledges that all but two of his claims (claims 13 and 14) are unexhausted.

On June 15, 2011, respondent filed a motion to dismiss seeking dismissal of the unexhausted claims should the court decline to issue a stay of this action.[2]

/////

---

[2] Respondent erroneously states that the petition presents fifteen claims for relief.

3

DISCUSSION

Section 2244(d) of Title 28 of the United States Court contains a statute of limitations for filing a habeas petition in federal court:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244.

On November 18, 2010, petitioner filed a habeas corpus petition in the California Supreme Court. As of the date of respondent's motion to dismiss, that petition was still pending and no party has filed any order from the California Supreme Court resolving that petition.

Petitioner is entitled to some tolling of the limitations period because of his state habeas petitions. The one-year statute of limitations in AEDPA is tolled under Section 2244(d)(2) for the "'time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.'" Dictado v. Ducharme, 244 F.3d 724, 726 (9th Cir. 2001) (quoting 28 U.S.C. 2244(d)(2)). The limitations

4

period remains tolled during an entire "round" of state habeas petitions, including the reasonable interstitial periods between petitions filed in successively higher state courts as well as the periods when the petitions are actually pending in those state courts. See Carey v. Safold, 536 U.S. 214, 221-23 (2002). The limitations period is not tolled, however, during the interval between multiple "rounds" of habeas petitions filed through the successive state courts. Gibbs v. Duncan, 339 F.3d 1045, 1048 (9th Cir. 2003).

The statute of limitations started to run on petitioner's federal habeas corpus claims on November 10, 2009, following expiration of the time for seeking direct review in the United States Supreme Court. See Bowen v. Roe, 188 F.3d 1157, 1160 (9th Cir. 1999). The statute of limitations then ran for one hundred seven days before petitioner filed his first petition for habeas corpus in the state court system on February 25, 2010. When that petition was denied on April 9, 2010, one hundred ninety-two additional days ran before petitioner filed his petition with the California appellate court on October 18, 2010. The state appellate court denied the petition on October 21, 2010. Finally, twenty-eight days ran before petitioner filed his petition with the California Supreme Court. In sum, three hundred thirty-seven days have run on the statute of limitations.

The petition pending before the court, which was filed prior to the state habeas petition being filed in the California Supreme Court, consists of both exhausted and unexhausted claims. The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[3] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d

---

[3] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

5

1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).  The United States Supreme Court has held that a federal district court may not entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with respect to each of the claims raised.  Rose v. Lundy, 455 U.S. 509 (1982).

As a general rule, a mixed petition containing both exhausted and unexhausted claims must be dismissed with leave to file an amended petition raising only exhausted claims.  However, a district court has authority to stay a mixed petition for writ of habeas corpus pending exhaustion of unexhausted claims in "limited circumstances," i.e., "when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court."  Rhines v. Weber, 544 U.S. 269, 277 (2005).  It is undisputed that two of petitioner's three claims for relief are unexhausted.  Thus, unless a stay is warranted, the petition must be dismissed with leave to file an amended petition raising only exhausted claims.[4]

"Under Rhines, a district court must stay a mixed petition only if: (1) the petitioner has "good cause" for his failure to exhaust his claims in state court; (2) the unexhausted claims are potentially meritorious; and (3) there is no indication that the petitioner intentionally engaged in dilatory litigation tactics.  Id. at 278, 125 S. Ct. 1528."  Wooten v. Kirkland, 540 F.3d 1019, 1023 (9th Cir. 2008).

Rhines does not go into detail as to what constitutes good cause for failure to exhaust, and the Ninth Circuit has provided no clear guidance beyond holding that the test is less stringent than an "extraordinary circumstances" standard.  Jackson v. Roe, 425 F.3d 654, 661-62 (9th Cir. 2005).  Several district courts have concluded that the standard is more generous than the showing needed for "cause" to excuse a procedural default.  See, e.g., Rhines v. Weber, 408 F. Supp. 2d 844, 849 (D.S.D. 2005) (applying the Supreme Court's mandate on remand).  This view finds support in Pace v. DiGuglielmo, 544 U.S. 408 (2005), where the Supreme Court

---

[4] Petitioner has not attempted to invoke the three-step procedure outline in Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003).  Cf. King v. Ryan, 564 F.3d 1133 (9th Cir. 2009).

1  acknowledged that a petitioner's "reasonable confusion" about the timeliness of his federal
2  petition would generally constitute good cause for his failure to exhaust state remedies before
3  filing his federal petition. 544 U.S. at 416-17.
4  However, in Wooten v. Kirkland, 540 F.3d 1019 (9th Cir. 2008), the Ninth Circuit
5  ruled that petitioner did not show good cause by arguing that he was "under the impression" that
6  his counsel had raised all claims before the state court of appeal. Wooten, 540 F.3d at 1024.
7  The Ninth Circuit explained that finding good cause in that argument "would render
8  stay-and-abey orders routine" and "would run afoul of Rhines and its instruction that district
9  courts should only stay mixed petitions in 'limited circumstances.'" Wooten, 540 F.3d at 1024.
10  Here, petitioner declares that a substantial period of time lapsed before he was
11  able to file his state habeas petition in the appellate court because he has been unable to access
12  the law library due to changes in regulations regarding law library use at Pelican Bay State
13  Prison ("PBSP"). Petitioner also asserts that staff at PBSP have withheld his legal documents
14  from July 10, 2010 to September 17, 2010; have failed to provide him with legal photocopying;
15  have failed to respond to inmate grievances concerning his issues with obtaining his legal
16  documents; and repeatedly failed to provide him with correct legal forms. Petitioner claims
17  these actions by staff at PBSP have prevented him from exhausting his claims prior to AEDPA's
18  one-year statute of limitations.
19  Petitioner has shown good cause for his failure to exhaust state court remedies
20  with respect to the unexhausted claims raised in his petition. He filed a state habeas corpus
21  petition well within the one year limitation period for filing a federal habeas corpus petition, and
22  he also filed the instant action, which contains two fully exhausted claims, at the same time. He
23  exercised due diligence in his efforts to exhaust his claims. Petitioner has satisfied the first
24  showing required by Rhines. He has also satisfied the second and third requirements: most, if
25  not all, of the unexhausted claims are potentially meritorious, and there is no showing that
26  petitioner has engaged in dilatory litigation tactics. This action should therefore be stayed

pending exhaustion of state court remedies and this court will so recommend. In view of that recommendation, the court will also recommend that respondent's motion to dismiss be denied.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Petitioner's request for stay and abeyance be granted;

2. This action be stayed pending exhaustion of state remedies as to petitioner's unexhausted claims for relief;

3. Petitioner be directed to file a motion to lift the stay within thirty days from the date of any order by the California Supreme Court resolving the claims referred to in paragraph 2 of this recommendation;

4. The Clerk of the Court be directed to administratively close this action;

5. Respondent's June 15, 2011 motion to dismiss be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 8, 2011.

UNITED STATES MAGISTRATE JUDGE

/014;fuen2873.stay.mtd